[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried at Norwalk Connecticut on July 27, 1986. The plaintiff has lived in Connecticut all of her life. There is one minor child issue of the marriage, Jade Nicole Mammone. The evidence presented established the allegation that the marriage has irretrievably broken down, and judgment may enter dissolving the marriage on that ground.
The plaintiff is aged 26 and in reasonably good health. She is a high school graduate, as well as a graduate of Hair Dressing School. She is presently house cleaning homes to supplement the city welfare she is receiving.
The defendant is aged 28 and in good health. He has had a varied employment career as a carpenters helper. He also is a graduate of high school. During this short marriage, the most the defendant earned was approximately $16,675 in 1988. He has had several periods of unemployment. At the present time he has started employment as a security guard earning $9.00 per hour for a 40 hour week plus time and one-half for overtime. He has worked 60 hours this past week.
Unfortunately, the parties were unable to resolve their marital difficulties.
The court has carefully considered the criteria set forth in 46b-56, 46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
The following orders shall enter.
Custody
1. The parties have agreed on joint custody and it is so ordered. The principle place of residence of the minor child CT Page 1710 shall be with the plaintiff.
2. The defendant shall have reasonable rights of visitation to include one overnight per weekend, Friday or Saturday, with the child to be returned by 8:00 p. m. The defendant shall give the plaintiff 48 hours notice of his intent to exercise or cancel his right of visitation. The defendant shall be prompt in the pick up and return of the minor child.
3. The defendant shall be entitled to visitation with the minor child on Wednesday evenings for 2 hours.
4. The defendant shall be entitled to such other reasonable visitation as the parties shall agree. If the parties are unable to agree, they are referred to Family Services for mediation.
Child Support
The defendant shall pay to the plaintiff as child support the sum of $90 per week until such time as the minor child reaches the age of 18, dies or becomes emancipated. Said order shall commence February 7, 1991.
Alimony
The defendant shall pay to the plaintiff as periodic alimony the sum of $50 per week for a period of two years from date, or until the plaintiff remarries or dies whichever event shall first occur. Said order shall commence February 7, 1991.
Arrears
The court finds an arrearage of $1,430 through January 31, 1991 on the pendente lite orders. Said arrears shall be paid at the rate of $15 per week until paid in full.
Debts
1. The defendant shall pay one-half of the balance of the Jordan Marsh bill of $275, in the amount of $137.
2. The defendant shall pay one-half of the balance of the Bradlees bill of $340, in the amount of $170.
3. The defendant shall pay $150 toward Dr. Garofalo's bill. The plaintiff shall be responsible for the balance.
4. The defendant shall pay $400 toward the bill of Dr. Martin, the pediatrician. The plaintiff shall be responsible for CT Page 1711 the balance.
5. The plaintiff shall be solely responsible for the bill of Dr. Brod and the Macy's account.
Medical Coverage
1. The defendant shall provide and maintain medical coverage as is available through his employment for the benefit of the minor child. Any unreimbursed medical expenses shall be equally divided between the parties. Until such time as the defendant provides medical coverage for the benefit of the minor child, the defendant shall be responsible for all reasonably necessary medical expenses incurred by the minor child.
2. The defendant shall provide COBRA coverage if available through his employment for the benefit of the plaintiff. The plaintiff shall be responsible for the cost thereof.
Income Tax
1. The parties shall cooperate in the filing of a joint 1990 income tax return. Any refund shall be equally divided between the parties.
2. The defendant shall be entitled to claim the minor child for income tax purposes provided he is current in the child support payments.
Insurance
1. The defendant shall provide and maintain One Hundred Thousand ($100,000) Dollars in life insurance for the benefit of the minor child for so long as the defendant has child support obligations. This provision shall be modifiable.
2. The defendant shall provide and maintain Twenty-Five Thousand ($25,000) Dollars in life insurance for the benefit of the plaintiff, for so long as the defendant has alimony obligations. This provision shall be modifiable.
Property Settlement
The plaintiff is awarded a lump sum property settlement in the amount of $1,000 to be evidenced by a promissory note payable to the plaintiff, with interest at 8%, payable one year from date. The 1983 Chevy pickup truck shall be security for said amount. The plaintiff shall transfer the title of the 1983 CT Page 1712 Chevy pickup truck to the defendant with the lien of the plaintiff properly noted thereon.
Attorneys Fees
There are not enough assets in this matter to justify an award of attorneys' fees, and none are awarded.
Miscellaneous
1. The plaintiff shall be entitled to the 1989 Hyundai motor vehicle.
2. The plaintiff shall be entitled to the personal property, furniture and furnishings contained in her apartment.
3. An immediate withholding is ordered.
COPPETO, J.